IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA : 1:08CR366-6
:
v. :
:
GENARO MENDOZA RESENDIZ : PLEA AGREEMENT

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, GENARO MENDOZA RESENDIZ, in his own person and through his attorney, George E. Crump, and state as follows:

1. The defendant, GENARO MENDOZA RESENDIZ, is presently under Superseding Indictment in case number 1:08CR366-6, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

2. The defendant, GENARO MENDOZA RESENDIZ, will enter a voluntary plea of guilty to Count One of the Superseding Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, GENARO MENDOZA RESENDIZ, understands that he shall be sentenced to a term of imprisonment of not less

than five years, or more than forty years, a fine not to exceed $2,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least four years in addition to such term of imprisonment.

b. The defendant, GENARO MENDOZA RESENDIZ, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count One of the Superseding Indictment herein, the defendant, GENARO MENDOZA RESENDIZ, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses

against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, GENARO MENDOZA RESENDIZ, is going to plead guilty to Count One of the Superseding Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. The defendant, GENARO MENDOZA RESENDIZ, agrees that the substance involved in the offense alleged in Count One of the Superseding Indictment for which he is accountable is 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

    b. It is further understood that if the Court determines at the time of sentencing that the defendant, GENARO MENDOZA RESENDIZ, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

3

6. It is further understood that the United States and the defendant, GENARO MENDOZA RESENDIZ, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, GENARO MENDOZA RESENDIZ, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

4

This the 3rd day of ~~January~~ February, 2009.

ANNA MILLS WAGONER
United States Attorney

*George E. Crump, III*
GEORGE E. CRUMP
Attorney for Defendant
NCSB No. 7676 PO Box 1523
Rockingham, NC 28380
910-997-5544

*Sandra J. Hairston*
SANDRA J. HAIRSTON
NCSB #14118
Assistant United States Attorney

*Genaro Mendoza Resendiz*
GENARO MENDOZA RESENDIZ
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351