# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GENARO MENDOZA RESENDIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV398 |
| v. ) | 1:08CR366-6 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Genaro Mendoza Resendiz, a federal prisoner, has brought a Motion (Docket Entry 287) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner was charged with, and later pled guilty to, a single count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Superseding Indictment, Docket Entry 93; Factual Basis, Docket Entry 179; Plea Agreement, Docket Entry 178.) He was later sentenced to 92 months of imprisonment. (Judgment, Docket Entry 252.) Following an unsuccessful appeal, he filed his current Motion under § 2255. Respondent has filed a Response (Docket Entry 302). Petitioner was advised of his right to file a Reply, but has not done so. The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1]This and all further cites to the record are to the criminal case.

## Claims

Petitioner raises four claims for relief in his Motion. The first is that the sentencing judge erred by increasing Petitioner's sentencing level under the United States Sentencing Guidelines by two levels for possession of a firearm, even though all that was found were bullets. The second claim is that Petitioner received ineffective assistance of counsel because his attorney did not attempt to fight the two-level firearm increase and did not explain to Petitioner that he could do so. Third, Petitioner claims that his rights were violated because the sentencing judge did not afford him the right to speak prior to being sentenced. Finally, Petitioner makes a general claim that "reversal is requiered [sic] because the District Court Judge violated basic Fundamental liberties." (Motion, § 12, Ground Four.)

## Discussion

Ground Two of the Motion alleges that Petitioner received ineffective assistance of counsel because his attorney did not challenge the two-level firearm enhancement. To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229,

2

233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner contends that his attorney should have challenged the firearm enhancement or at least should have advised Petitioner that he could challenge it. (Docket Entry 287 at 5-6.) In support, Petitioner alleges that police found only bullets and not a firearm. (*Id.* at 5.) While Respondent has filed an affidavit signed by Petitioner's prior counsel, that affidavit is largely silent regarding the actual existence of the firearm in question. (Docket Entry 302, Exhibit B at 2-4.) Instead, counsel appears to have assumed that a firearm existed based on the factual basis presented at Petitioner's change of plea even though counsel's notes regarding Respondent's case file might reflect otherwise. (*Id.*)

In light of this, and by prior Order, the undersigned consequently concluded that additional briefing and/or submissions regarding the actual existence of the firearm in question would help in the resolution of Petitioner's Motion. (Docket Entry 332.) Respondent filed the following supplemental response, which—in pertinent part—concedes that Petitioner's Motion has merit on this point. Specifically, Respondent stated that:

> The Court has requested additional briefing and/or submission as to the actual existence of the firearm in this case relative to the ineffective assistance of counsel claim set forth in Ground Two of Petitioner's Motion (DE 332 at 1-2). The undersigned has reviewed the relevant search warrant and inventory of evidence seized in this case. Those entries indicate that .380 ammunition was seized but, upon closer review of the documents and additional discussion with the case agent, there is no separate handgun entry.

3

>    The manner in which the entries were recorded in the report was unclear upon initial reading. Therefore, when the Factual Basis was prepared, it erroneously indicated a firearm was seized (DE 179 at 6). The Presentence Report, to which the parties did not object at sentencing, also erroneously included this information (PSR ¶33; Sent. Tr. at 2-3).
>
>    In light of the foregoing, the United States agrees Petitioner's motion should be granted as to the claim that counsel should have challenged the firearm enhancement or advised Petitioner he could do so (DE 332 at 1-2 (citing DE 287 at 5-6)).

(Docket Entry 335.) The undersigned agrees with both parties that both prongs of the *Strickland* analysis have been satisfied here and that Petitioner's second claim should be granted. Petitioner's remaining claims should be denied as moot.

**IT IS THEREFORE RECOMMENDED** that Ground Two of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 287) be **GRANTED** based on the Government's concession as set forth above, that the Judgment (Docket Entry 252) be vacated, and that this matter be set for resentencing.

**IT IS THEREFORE FURTHER RECOMMENDED** that Grounds One, Three, and Four of the Motion (Docket Entry 287) be **DENIED** as moot.

/s/ Joe L. Webster<br>
Joe L. Webster<br>
United States Magistrate Judge

Durham, North Carolina
May 27, 2014